**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTINA COOK,** | : | |
| | : | **Civil Action No. 1:CV-04-806** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **MIDDLESEX TOWNSHIP,** | : | |
| **KENNY RAY JOHNSON,** | : | |
| **BARRY LEE SHERMAN,** | : | |
| **STEVEN D. KINGSBOROUGH,** | : | |
| **MARY JUSTH,** | : | |
| **CHARLES W. SHUGHART,** | : | |
| **ROBERT EPPLEY, and** | : | |
| **VICTOR P. STABILE,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER**

Pending before the Court is Defendants' Joint Motion in Limine.  (Doc. No. 62.)  Although styled as a motion in limine, it appears the real relief Defendants seek is severance of Plaintiff's action against Defendant Kenny Ray Johnson from her claims against Middlesex Township and the remaining individual Defendants pursuant to Rule 42(b) of the Federal Rules of Civil Procedure.  Plaintiff has not filed a brief in opposition, and the Court finds the motion to be unopposed.  LR 7.31.  Also before the Court is Plaintiff's motion to continue trial (Doc. No. 72) in this action from October 2005 until January 2006.  The motions will be addressed in turn.

Rule 42(b) provides as follows:

> The court, in furtherance of convenience of to avoid prejudice, or
> when separate trials will be conducive to expedition and economy,
> may order a separate trial of any claim, cross-claim, counterclaim,
> or third-party claim, or of any separate issue or any number of claims,

> cross-claims, counterclaims, third-party claims, or issues, always
> preserving inviolate the right of trial by jury as declared by the
> Seventh Amendment to the Constitution or as given by a statute of
> the United States.

Fed. R. Civ. P. 42(b).  In this case, the Court finds that Defendants' unopposed motion should be

granted, and the Court will order Plaintiff's claims against Defendant Johnson to proceed first and

separately from her claims against the remaining Defendants.  The Court finds severance warranted in

this case because of the distinct nature of the claims against Defendant Johnson and the remaining

Defendants.  It appears that Plaintiff is likely to attempt to meet her burden to establish liability against

the Township under Monell v. New York City Department of Social Services, 436 U.S. 658 (1978)

by introducing evidence of prior acts on the part of Defendant Johnson.  If such evidence were

introduced, it would clearly present a risk of substantial prejudice to Defendant Johnson.  Similarly,

given the nature of Plaintiff's claims, the Court finds there is a real risk that the Middlesex Defendants

could be unduly prejudiced in their defense given the inflammatory nature of Defendant Johnson's

alleged conduct.  Moreover, the Court finds that severance is warranted because Plaintiff's claims

against the Middlesex Defendants appear entirely predicated on a jury first finding that Defendant

Johnson violated Plaintiff's civil rights.  It is well settled that a plaintiff who is found not to have suffered

a constitutional injury at the hands of an accused police officer will not have a viable claim against

officer's employer, regardless of the fact that the employer may have had policies or practices that may

have authorized the use of constitutionally improper conduct:

> neither Monell v. New York City Dept. of Social Services,
> 436 U.S. 658 (1978), nor any other of our cases authorizes the
> award of damages against a municipal corporation based on the
> actions of one of its officers when in fact the jury has concluded

> that the officer inflicted no constitutional harm.  If a person has
> suffered no constitutional injury at the hands of the individual
> police officer, the fact that the departmental regulations might have
> authorized the use of constitutionally excessive force is quite
> beside the point.

City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

Given the risk of prejudice to the Defendants if Plaintiff's claims against Defendant Johnson are not severed from her claims against the Middlesex Defendants, and because Plaintiff's must first succeed on her claims against Defendant Johnson before she can be allowed to prevail on a Monell claim against the Middlesex Defendants, the Court finds that severance of this action into two trials is warranted under Rule 42(b).

**WHEREFORE, IT IS HEREBY ORDERED THAT** Defendants' Joint Motion in Limine (Doc. No. 62) is **GRANTED** insofar as it seeks severance of Plaintiff's claims against Defendant Johnson from her claims against the remaining Defendants.  Trial of this action will be severed as described in the following paragraph.  In all other respects, the joint motion in limine will be **DENIED** without prejudice to the right of Defendant Johnson and the remaining Defendants to file further motions in limine if warranted with respect to their separate trials.

**IT IS FURTHER ORDERED THAT** Plaintiff's motion to continue trial (Doc. No. 72) in this action is **GRANTED** in part.  Trial of Plaintiff's claims against Defendant Johnson is hereby continued until November 7, 2005, at 9:30 a.m.  The Pre-Trial Conference is rescheduled to October 25, 2005, at 2:00 p.m.  In the event a jury finds Defendant Johnson liable in that action, and in the event Plaintiff's claims against the Middlesex Defendants survive their pending motion for summary judgment (Doc. No. 50), the Court will hold trial of Plaintiff's claims against the Middlesex Defendants on February 6, 2006.

   S/ Yvette Kane
Yvette Kane
United States District Judge

Date: September 21, 2005